UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WYNES,

    Plaintiff,                                      Case No.

v.                                                      Hon.

CITY OF ROYAL OAK,
a municipal corporation,
MICHAEL PARAMO,
in his individual and official capacities,
jointly and severally,

    Defendants.                      **JURY TRIAL DEMANDED**
_____

Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski (P71068)
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
mattkolo@comcast.net
_____

## COMPLAINT AND JURY DEMAND

      NOW COMES the Plaintiff, Jeffrey Wynes, by and through his attorney, Matthew S. Kolodziejski, and for his Complaint states as follows:

### JURISDICTION AND VENUE

1)    This is an action for monetary damages brought by the Plaintiff, Jeffrey Wynes, against Defendants City of Royal Oak and Michael Paramo,

1

pursuant to 42 U.S.C. § 1983 and Michigan state law.

2) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3) Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), as all parties reside in, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, the Eastern District of Michigan.

4) The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## PARTIES

5) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

6) At all times relevant to this Complaint, Plaintiff was and is a resident of the State of Michigan.

7) At the time of the incident described in this Complaint, Plaintiff, who holds an MBA degree, had absolutely no prior criminal record.

8) At all times relevant to this Complaint, Defendant City of Royal Oak was and is an organized municipal corporation existing under the laws of the State of Michigan.

9) At all times relevant to this Complaint, Defendant Paramo was employed as a police officer by the City of Royal Oak.

10) At all times relevant to this Complaint, Defendant Paramo was acting within the scope and course of his employment and under color of law.

11) Defendant Paramo is being sued in his individual and official capacities.

## GENERAL ALLEGATIONS

12) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

13) The incident complained of in this lawsuit occurred on or about November 1, 2015 in the City of Royal Oak, County of Oakland, State of Michigan.

14) On that date Plaintiff was in the City of Royal Oak to celebrate Halloween with several friends.

15) After exiting a local business establishment Plaintiff was lawfully walking along a public sidewalk when he was confronted by Defendant Paramo.

16) Without any legal justification, reasonable suspicion or probable cause to believe that Plaintiff had committed any crime, Defendant Paramo repeatedly shoved Plaintiff in his back.

17) While repeatedly shoving Plaintiff, Defendant Paramo told Plaintiff "you're not shit" and called him a "bitch."

18) Defendant Paramo then violently pushed Plaintiff into a nearby parked vehicle, where he proceeded to handcuff and arrest Plaintiff without any legal justification.

19) Plaintiff was not under the influence of any alcohol or narcotics, and did not

3

resist, obstruct, or interfere with Defendant Paramo.

20) The physical force used by Defendant Paramo against Plaintiff was excessive and gratuitous in nature.

21) Following his arrest Plaintiff was transported to the Royal Oak police department and jailed for approximately twelve (12) hours.

22) Plaintiff was issued a misdemeanor citation by Defendant Paramo.

23) The citation was signed by Defendant Paramo as the complainant, and falsely alleged that Plaintiff violated the City of Royal Oak's disorderly conduct ordinance.

24) The citation issued by Defendant Paramo alleged that Plaintiff "[i]n front of bar 30 minutes after closing. Refused to comply with officer and would not leave the area. Booked. Refused PBT."

25) Defendant Paramo created a police report which falsely alleged that Plaintiff was intoxicated and acting in a disorderly manner.

26) Defendant Paramo knew that the allegations of illegal conduct that he made against Plaintiff in the citation and police report were false.

27) Defendant Paramo caused the false police report and citation to be sent to the Royal Oak City Attorney's Office, knowing that his actions and false allegations would cause the prosecutor to file a criminal charge of disorderly conduct against Plaintiff.

28) Defendant Paramo intended to initiate a criminal charge of disorderly conduct against Plaintiff.

29) Had Defendant Paramo not caused the false police report and citation to be forwarded to the Royal Oak City Attorney's Office, Plaintiff would not have been charged with any criminal offense.

30) Due to Defendant Paramo's unlawful actions and false allegations, Plaintiff was in fact charged with disorderly conduct in violation of the City of Royal Oak's disorderly conduct ordinance.

31) Defendant Paramo made, influenced, and/or participated in the decision to prosecute Plaintiff without probable cause to believe that he had committed a crime.

32) Defendant Paramo proceeded to provide knowingly false testimony against Plaintiff while under oath in the 44th District Court.

33) Following a jury trial in the 44th District Court Plaintiff was exonerated of any criminal wrongdoing when the jury rejected Defendant Paramo's false testimony and found Plaintiff not guilty of disorderly conduct.

34) The criminal proceeding was, therefore, resolved in Plaintiff's favor.

35) As a result of the Defendants' actions Plaintiff suffered damages including, but not limited to, physical pain and suffering, emotional distress, loss of liberty and cherished constitutional rights, and economic damages.

## COUNT I
## 42 U.S.C. § 1983 – EXCESSIVE FORCE

36) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37) Defendant Paramo acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from excessive force, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant Paramo for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## 42 U.S.C. § 1983 – FALSE ARREST

38) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

39) Defendant Paramo acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from arrest without probable cause or reasonable suspicion that he had committed a crime, as

guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant Paramo for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## 42 U.S.C. § 1983 – FALSE IMPRISONMENT

40) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41) Defendant Paramo acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from imprisonment without probable cause or reasonable suspicion that he had committed a crime, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant Paramo for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT IV
## 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

42) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

43) Defendant Paramo acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from the initiation of criminal prosecution without probable cause or reasonable suspicion that he had committed a crime, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant Paramo for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT V
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

44) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

45) Defendant City of Royal Oak has established practices, policies, and/or customs which directly and proximately caused the injuries and damages suffered by Plaintiff.

46) Prior to the date of this incident Defendant Paramo had been sued in his

capacity as police officer on at least one prior occasion for allegations including excessive force, false arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress, in Oakland County Circuit Court Case No. 05-066167-NZ, *Marcus John Ortiz, Jr. v. City of Pontiac et al.*

47) The City of Royal Oak knew, or should have known, of Defendant Paramo's propensity to violate the rights of individuals in the manner alleged in Plaintiff's Complaint when it hired Defendant Paramo and thereafter.

48) The Defendant City of Royal Oak has established a practice, policy, and/or custom of inadequately screening, investigating, and/or hiring its police officers.

49) The Defendant City of Royal Oak has established a practice, policy, and/or custom of improperly training, allowing, encouraging, and/or expecting its police officers to enforce laws in any way they deem fit, without regard to the constitutional rights of individuals to be free from excessive physical force, false arrest, false imprisonment, and/or malicious prosecution.

50) The Defendant City of Royal Oak has established a practice, policy, and/or custom of failing to adequately supervise, investigate, or discipline its police officers in general, and Defendant Paramo in particular, when it became known or apparent that its police officers have violated the constitutional

rights of individuals in the manner complained of in this lawsuit.

51) By failing to properly, hire, screen, train, monitor, supervise, investigate, and/or discipline its police officers, Defendant City of Royal Oak failed to adequately discourage its police officers from violating the constitutional rights of individuals.

52) As a result of the above described practices, policies, and/or customs, police officers of Defendant City of Royal Oak, including Defendant Paramo, believed that their actions would not be properly monitored by their supervisors, and that misconduct would not be adequately investigated or sanctioned, but rather that it would be tolerated.

53) In sum, the above-described practices, policies, and/or customs of the Defendant City of Royal Oak demonstrate deliberate indifference towards the constitutional rights of individuals to be free from excessive force, false arrest, false imprisonment, and malicious prosecution.

54) The practices, policies, customs, and/or deliberate indifference of the Defendant City of Royal Oak were the moving force behind the constitutional violations that were committed against Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant City of Royal Oak, for compensatory damages in whatever amount the jury determines, plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT VI
## ASSAULT AND BATTERY

55) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

56) Defendant Paramo intentionally threatened or caused Plaintiff to be threatened with, and to suffer, unnecessary or excessive physical contact.

57) The physical contact inflicted by Defendant Paramo against Plaintiff was malicious and undertaken in bad faith.

58) As a direct and proximate cause of the assault and battery that Defendant Paramo inflicted upon Plaintiff, he sustained injuries and damages.

59) Defendant Paramo's actions were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus he is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendant Paramo for compensatory and exemplary damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

61) Defendant Paramo acted intentionally and recklessly towards Plaintiff.

62) Defendant Paramo's actions were so outrageous and extreme as to go beyond all possible bounds of decency, and are regarded as atrocious and

11

intolerable in a civilized society.

63) As a direct and proximate result of Defendant Paramo's unlawful actions Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Paramo, for compensatory and exemplary damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory, exemplary, and punitive damages in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

/s/Matthew S. Kolodziejski
Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski (P71068)
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
Dated: July 17, 2016                mattkolo@comcast.net