UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WYNES,

    Plaintiff,                            Case No. 2:16-cv-12656

v.                                       HONORABLE STEPHEN J. MURPHY, III

MICHAEL PARAMO,

    Defendant.

_____/

**OPINION AND ORDER RESOLVING PARTIES' MOTIONS IN LIMINE [29–32, 34–37]**

       Plaintiff Jeffrey Wynes brought this § 1983 suit against Royal Oak police officer Michael Paramo. Wynes alleges that Paramo mistreated him during an arrest on Halloween night in 2015. Mediation failed, so trial is set for February 27, 2018. Both parties have filed motions in limine on discrete evidentiary matters and the Court conducted a hearing prior to trial. The Court takes each in turn.

I.      Plaintiff's Motion to Exclude Andrew Hulett's Social Media Post (ECF 29)

       Wynes moves to exclude a Facebook post made by Andrew Hulett, an eyewitness to Plaintiff's arrest and a likely witness at trial. Wynes argues that the post is irrelevant (FRE 401), more prejudicial than probative (FRE 403), an improper means of impeachment (FRE 609(a)), and inadmissible hearsay (FRE 801). Paramo responds that he does not intend to offer the post as impeachment evidence, or for the truth of any matter asserted by Hulett in the post. Rather, Paramo wishes to use the evidence to demonstrate that the post exacerbated Wynes's embarrassment—for which Wynes

seeks damages—and to further show that Wynes failed to mitigate his damages by not asking Hulett to remove the post.

The Court has reviewed the post and finds that it is not, for the most part, unfairly prejudicial. Hulett describes Wynes's arrest and the prosecution that followed. Although the post refers to various "injustices" and at times uses profanity, neither its political content nor language is so overly inflammatory or polarizing that a reasonable jury, properly instructed, could not properly consider it. The post does, however, also disclose Hulett's criminal conviction. For that reason, the Court will not allow the post to come into evidence as an exhibit. It may be discussed by the parties and used in examinations of witnesses, including for the purpose of impeachment and for the reasons described by Defendant in his brief. The motion will therefore be granted in part and denied in part.

II. <u>Plaintiff's Motion to Exclude Defendant's Job Performance History and Purported Good Character and Conduct (ECF 30)</u>

Wynes moves to exclude any testimony or evidence of regarding Paramo's job performance history or purportedly good character or past conduct. Wynes argues that any such evidence is inadmissible character and propensity evidence under Rules 404(a)(1) and 405(a). Paramo insists that he does not intend to introduce the evidence referred to by Wynes and further asks the Court to sanction Wynes's attorney for failing to properly seek concurrence on the matter.

The Court will decline Paramo's invitation for sanctions, but as there seems no dispute to resolve, the Court will deny Plaintiff's motion without prejudice as premature.

Should the matter of Paramo's history and character come up at trial, the parties may reargue the matter, in context, at that time.

III.     Plaintiff's Motion to Exclude Evidence of Dismissed Claim (ECF 31)

Wynes initially sued two defendants: Paramo and the City of Royal Oak. The parties stipulated to a dismissal of the *Monell* claim against Royal Oak and Wynes now moves to exclude any reference to the dismissed claim. Paramo says he "conditionally agreed to stipulate to the exclusion of evidence regarding the *Monell* claim, if [Wynes] would stipulate to the exclusion of evidence obtained in pursuit of the dismissed claim." ECF 48, PgID 539–40. Wynes apparently refused to stipulate to the exclusion, so Paramo filed a separate motion in limine.

As explained below, the Court will deny the motion to exclude the police department's policies. *See infra* Section VI. Unlike the policies, however, the Court does not see the relevance of Wynes's dismissed claim, yet foresees a significant possibility of confusion to the jury. The Court will therefore provisionally grant Wynes's motion, but would entertain further argument from Paramo once the trial is underway.

IV.     Plaintiff's Motion to Exclude Prior Medical Records (ECF 32)

Wynes moves to exclude medical records that predate his arrest on the grounds that they are irrelevant and more prejudicial than probative. Wynes explains that the records disclose medical treatment of a personal and unrelated nature but "do not describe any injury or pre-existing diagnosed condition that is related to [his] claimed damages" and are therefore neither probative nor relevant. ECF 32, PgID 219. Paramo counters that the records reveal that Wynes has suffered from anxiety in the past, which

is both relevant to his current claim for emotional pain and suffering and also contradicts his deposition testimony—namely, that prior to his arrest, "he never experienced anxiety[.]" ECF 47, PgID 523.

Paramo might overstate Wynes's claim about prior anxiety, but nevertheless, the Court will not exclude the records altogether. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed R. Evid. 401. Wynes has put his anxiety at issue in the case and Paramo is entitled to introduce evidence that may show Wynes's anxiety predated the arrest or was otherwise caused, in whole or in part, by something other than Paramo's actions. Still, the Court is sensitive to Wynes's privacy concerns about matters unrelated to the damages sought in this suit. For that reason, and as discussed at the hearing, the Court will provisionally grant the motion to exclude the record. The Court expects that the parties will be able to reach an agreement on redaction and, if so, the Court would permit the redacted record to be admitted.

V. <u>Plaintiff's Motion to Exclude Plaintiff's Employment Records (ECF 36)</u>

Wynes moves to exclude his employment records as irrelevant under Rule 402. Paramo contends that the records reflecting his compensation are relevant if Wynes pursues a wage-loss claim and that his job-performance evaluations might assist the jury in determining whether and to what extent Wynes's purported anxiety impact his life. The Court agrees. The Court finds no risk of unfair prejudice in the records and

finds that their relevance will be more properly determined in the context of trial; a preemptive ruling is unnecessary. The motion will be denied.

VI. Defendant's Motion to Preclude the Introduction of Policies and Procedures (ECF 34)

Paramo moves to preclude the introduction of the Royal Oak Police Department's policies and procedures. The procedures were turned over in discovery while Wynes's claim against the city was still active. Paramo contends that policies and procedures are not determinative in constitutional claims of excessive force and therefore their introduction would not tend to make a fact of consequence in the remaining counts more or less probable. Wynes agrees that a department's policies do not control whether force is "excessive," but nevertheless insists that the policies and procedures tend to make other facts of consequence more probable and goes also to credibility. For instance, Wynes asserts that if his version of the arrest is true, Paramo would have been "in violation of the department's use of force policy, and subject to disciplinary action," and thus had an incentive to fabricate. ECF 42, PgID 404.

The Court agrees with Wynes. Although the mere violation of the policies would not transform Paramo's alleged actions into constitutional violations, it is too soon to say that the policies can have no relevance whatsoever. Moreover, the Court finds that any confusion they might inspire in the jury can be easily and more appropriately addressed through an instruction, either at the time of the evidence's submission, during final jury instructions, or both. The motion will be denied.

VII.     Defendant's Motion to Preclude the Introduction of Prior Acts (ECF 35)

Paramo moves to preclude the introduction of prior acts committed by him and other Royal Oak police officers. He also moves to prohibit Wynes "from probing the areas of prior discipline, misconduct, lawsuits, citizens' complaints, and social media postings." ECF 35, PgID 287. Wynes insists that he does not intend to offer any such evidence, "unless the defense opens the door[.]" ECF 41, PgID 399.

The Court finds that evidence of prior conduct and social media posts will be more suitably addressed during trial. Evidence of prior lawsuits and citizens' complaints seems significantly less likely to be deemed admissible, but the Court will reserve ruling on those matters as well. The Court will therefore deny the motion without prejudice and permit Paramo to object again if Wynes attempts to offer the evidence.

VIII.    Defendant's Motion to Preclude Mention of Wage-Loss Claim (ECF 37)

Paramo moves to preclude any mention of lost wages or opportunities and "prevent [Wynes] from asking the jury to award him damages for lost wages" because there is no evidence that he lost wages. ECF 37, PgID 374–75. Wynes suggests that "there does not appear[1] to be a significant dispute between the parties on the issue presented in this motion," but nevertheless contends that testimony about having to rearrange his schedule is relevant insofar as it "demonstrate[s] the various ways in which his arrest and prosecution affected him." ECF 40, PgID 396.

---

[1] Evidently, less than complete concurrence seeking has been engaged in by both sides. To date, the parties have conducted the case swiftly and cooperatively, with little need for the Court's intervention. The Court expects the trend to continue through the end of trial.

The Court finds that a preemptive exclusion of evidence is unnecessary. If Wynes indeed has evidence of damages—wage loss or otherwise—it would presumably be admissible. If there is no such evidence, there is no need to exclude it. And to the extent that Paramo worries about jury confusion, it would be better and more properly addressed through the jury instructions. The motion will be denied.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to exclude the social media post [29] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's motions concerning job performance and character [30], and employment records [36] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to exclude the dismissed claim [31] and medical records [32] are provisionally **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motions to preclude the introduction of policies and procedures [34], prior acts [35], and wage-loss claims [37] are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 27, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager