UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WYNES,

    Plaintiff,

Case No. 2:16-cv-12656

v.

HONORABLE STEPHEN J. MURPHY, III

MICHAEL PARAMO,

    Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW**

    The Court recently held a trial in the case. At the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Rule 50(a). Defendant argued that judgment was appropriate in his favor on Count Five (assault and battery) and Count Six (intentional infliction of emotional distress). The Court took the motion under advisement and Defendant subsequently renewed the motion at the close of his own case. The Court continued to take it under advisement. After deliberations, the jury entered a mixed verdict: it found in favor of Plaintiff on Counts Two (false arrest), Three (false imprisonment), and Five (assault and battery). The Court now resolves Defendant's motion.

    Rule 50 permits a party to move for judgment as a matter of law "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a). The Court may grant the motion only if the relevant party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" *Id.* "District courts should grant judgment as a

matter of law only if a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ." *LaPerriere v. Int'l Union UAW*, 348 F.3d 127, 132 (6th Cir. 2003).

In arguing the motion, Defendant specifically moved for judgment on the assault portion of the assault-and-battery claim. Defendant asserted that there had been evidence of a battery, but no evidence of a threat to do bodily injury constituting an assault. During the deliberations, the jury asked the Court through a written message whether finding for Plaintiff on Count Five required a finding that Defendant committed an assault and battery, or whether Defendant could simply have committed one or the other. The Court conferenced with the parties, who mutually agreed to instruct the jury that mere assault or mere battery would suffice.

Both parties agree that there was testimony presented that, if believed, would support a finding that Defendant committed a battery. The Court therefore finds that there was sufficient evidence to support the submission of Count Five to the jury. As for Count Six, the motion is moot because the jury found in favor of Defendant. Accordingly, the Court will deny Defendant's motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for judgment as a matter of law is **DENIED**.

**SO ORDERED**.

                                                s/Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: March 9, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2018, by electronic and/or ordinary mail.

                                            s/David P. Parker
                                            Case Manager