UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WYNES,

    Plaintiff,                               Case No. 2:16-cv-12656

v.                                        HONORABLE STEPHEN J. MURPHY, III

MICHAEL PARAMO,

    Defendant.

_____/

**ORDER VACATING VERDICT AND JUDGMENT,
FINDING MOTIONS [62, 65, 67] MOOT, AND DISMISSING THE CASE**

On March 7, 2018, a jury rendered a verdict in favor of Plaintiff Jeffrey Wynes and the Court entered judgment thereafter. Several motions followed and are now pending. The parties, however, have reached a settlement and, by way of a proposed, stipulated order, ask the Court to vacate the verdict and the judgment and dismiss the case. The stipulation states:

> IT IS HEREBY STIPULATED, by and between the parties hereto, through their respective counsel, that:
>
> 1) The verdict and judgment in this case are vacated and should be struck from the record; and,
>
> 2) This case is dismissed with prejudice.
>
> /s/Matthew S. Kolodziejski        /s/ Kali M. L. Henderson
> Matthew S. Kolodziejski (P71068)   Kali M. L. Henderson (P76479)
> MATTHEW S. KOLODZIEJSKI, PLLC  SEWARD HENDERSON PLLC
> Attorneys for Plaintiff                  Attorneys for Defendants

Rule 60 empowers a district court to vacate judgments on any reason that justifies relief and Rule 59 permits courts to grant new trials, implicitly permitting the Court to vacate, i.e., set aside, jury verdicts. Fed. R. Civ. P. 60(b)(6), 59(a)(1)(a); *Bruner v.*

*Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982) (noting a court's occasional duty to set aside a jury verdict). Courts have exercised these powers when parties reach a mutual settlement post-verdict but prior to an appeal. *See, e.g.*, *Hebrew Univ. of Jerusalem v. Gen. Motors LLC*, No. CV-10-3790-AB (JCX), 2015 WL 9653154, at *3 (C.D. Cal. Jan. 12, 2015); *Click Entm't, Inc. v. JYP Entm't Co.*, CIV. No. 07-00342 ACK-KSC, 2009 WL 3030212, at *1 (D. Haw. Sept. 22, 2009); *see also Zomber v. Stolz*, CV 09-4637 (ETB), 2012 WL 1427775, at *3 (E.D.N.Y. Apr. 25, 2012) (recognizing the power to vacate the judgment and verdict in the service of a settlement, but declining to do so). But vacatur is an extraordinary remedy committed to the discretion of the district court. *Zomber*, 2012 WL 1427775, at *2 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). Courts therefore consider the equities of the case, the burdens born by the parties, and the public's interest in both governmental efficiency and development of valuable precedent. *See id.*

The Court finds good reason to grant the relief sought by the parties here. The Court takes no position on the merits of any pending motion, including Defendant's motion for a new trial. But as both parties—including the prevailing party—have reached an agreement that both closes this case and precludes an appeal, the Court finds that the judicial economies resulting from vacating the verdict and judgment far outweigh any societal costs. Accordingly, the Court will grant the parties' requested relief.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the verdict and judgment are **VACATED** and the case is **REOPENED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend the judgment [65] and for attorney's fees [62] and Defendant's motion for a new trial and judgment as a matter of law [67] are **MOOT**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 14, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 14, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager